Froessel, J. (dissenting).
I do not think we should dismiss these appeals on the ground that the subpoenas were effective whether or not section 8 of the Waterfront Commission Act is constitutional, and that hence a constitutional question is not directly involved. Whether or not the commission had to rely *863 upon section 8 to issue these subpoenas, the fact is that it did so rely upon section 8, and the very purpose of the investigation Was to determine ‘ ‘ whether the aforesaid Section 8 of the Waterfront Commission Act was being violated The affidavit of the official who authorized the investigation relied squarely on section 8 as authority for invoking the broad investigatory powers of the commission. He stated that section 8 was enacted * ‘ in order to eliminate some of the evil conditions on the waterfront ”, and that ‘ ‘ In order to execute the mandate of the Waterfront Commission Act that it eliminate the evil conditions to have existed on the waterfront, the Waterfront Commission is clothed with broad investigatory powers ’ ’.
If section 8 is unconstitutional, then it seems to me that the subpoenas issued to determine whether section 8 was being violated must also fall. I do not think the investigating powers of the commission can be justified out of the context of the particular evil being investigated. These powers were conferred to aid in the elimination of particular evils, and their exercise must be judged in the context of the particular evil being investigated. Here, the powers were invoked specifically to determine whether section 8 was being violated and, if section 8 is invalid, there is no basis to support the particular exercise of the investigatory powers. If 'section 8 falls so must the subpoenas fall, and hence I feel that a constitutional question is directly involved.
The motion to dismiss the appeals should be denied.
Appeals dismissed, etc.